```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

THE UNITED STATES OF AMERICA

          **Hon. Hugh B. Scott**

          09CR253

v.

          **DECISION**
          **&**
          **ORDER**

John A. Cruz et al,

          Defendants.

      Before the Court is the defendant's omnibus motion (Docket No. 12) seeking the following relief: discovery, a bill of particulars, disclosure of Brady and Jencks material, identification of informants, and joinder in co-defendants' motions.[1]

**Background**

      On July 15, 2009, the Grand Jury for the Western District of New York indicted the defendant, John A. Cruz ("Cruz"), along with Rico Ramon ("Ramon") on three charges: conspiracy to possess and distribute cocaine (Count 1) in violation of 21 U.S.C. §846; and two counts of possession with intention to distribute cocaine in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. § 2 (Counts 2 and 3).

---

[1] No motions have been filed by any co-defendant in this matter.

1

### Discovery

The defendant's motion papers list various items of pretrial discovery. At oral argument, the parties did not advise the Court of any specific outstanding discovery issues.

### Brady & Jencks Material

The defendant seeks the disclosure of all potentially exculpatory materials, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [government's] witness." U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989). The defendant also seeks disclosure of the statements of witnesses under the Jencks Act (15 U.S.C. §3500).

The government has acknowledged its obligations under Brady and Giglio v. United States, 405 U.S. 150 (1972), as well as the Jencks Act, and represented that it will provide any such information in accordance with the schedule set by the District Court Judge prior to trial (Docket No. 13 at page 14).

Neither the Supreme Court, nor the Second Circuit[2], have ruled directly on whether there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady"

---

[2] In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

materials for purposes relating to the time within which such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent conflict between the government's obligations to disclose under Brady, and the governments right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure.  U.S. v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); U.S. v. Perez, 870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing Brady material violates due process only if the delay prevented the defendant from receiving a fair trial); U.S. v. Ziperstein, 601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see U.S. V. Wilson, 565 F.Supp 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); U.S. Biaggi, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); U.S. V. Feldman, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is sufficient for the government to disclose Brady impeachment materials along with [Jencks Act] materials).

    The Jencks Act relates only to "statements" made by government witnesses.  Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles.  To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. U.S. v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979). But see U.S. v. Presser, 844 F.2d 1275 (6th

Cir. 1988)(the government may not be compelled to pretrial disclosure of Brady or Jencks material). The record in this case does not reflect whether any of the materials withheld by the government may be considered both Brady and Jencks material. Certainly "impeachment Brady" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." U.S. v. Percevault, 490 F.2d 126 (2d Cir. 1974); U.S. V. Green, 144 F.R.D. 631 (W.D.N.Y. 1992).

In the instant case, and while balancing all of the above, the Court concludes that disclosure of such inculpatory and impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendants to have a fair opportunity to utilize the information at trial) is sufficient.

**Bill of Particulars**

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at

4

trial. U.S. v. Torres, 901 F.2d 205 (2d Cir. 1990). The government is not obligated to "preview its case or expose its legal theory" U.S. v. LaMorte, 744 F.Supp 573 (S.D.N.Y. 1990); U.S. v. Leonelli, 428 F.Supp 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed" U.S. v. Andrews, 381 F.2d 377 (2d Cir. 1967). Notwithstanding the above, there is a special concern for particularization in conspiracy cases. U.S. v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

The government represents that the pretrial discovery provided to the defendants provides much of the information requested by the defendant. (Docket No. 13 at page 6-7). Upon review of the indictment, and upon the information provided, the Court finds that the government's response is sufficient.

### Identity of Informants

The defendant seeks the pre-trial disclosure of the identity of any informants in this case. The government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988). Nor does Rule 16 require the government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d. Cir.) cert. denied 498 U.S. 921 (1990).

The defendant has not established that the pre-trial disclosure of the identities of any informants is essential to his defense. This request is denied.

**Conclusion**

For the reasons stated above, the respective motions for omnibus relief (Docket No. 12) are granted in part and denied in part consistent with the above.

So Ordered.

                                              /s/ Hugh B. Scott
                                              United States Magistrate Judge
                                              Western District of New York

Buffalo, New York
March 18, 2010